## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**TIFFANY KIRKWOOD,**                                          CIVIL ACTION
    **Plaintiff**

**VERSUS**                                                    NO. 15-6981

**DEP'T OF PUBLIC SAFETY**                                    SECTION: "E" (4)
**AND CORRECTIONS, STATE OF**
**LOUISIANA,**
        **Defendant**

## ORDER AND REASONS

Before the Court is a Rule 12(b)(6) motion to dismiss filed by Defendant, the Louisiana Department of Public Safety and Corrections.[1] Plaintiff, Tiffany Kirkwood, opposes the motion.[2] For the reasons that follow, the motion is **GRANTED**.

## BACKGROUND

According to her Complaint, Plaintiff worked as a probation officer for the Louisiana Department of Public Safety and Corrections ("LDPSC") in the New Orleans area until June 13, 2013, when she was terminated.[3] Plaintiff alleges that, while she was employed by the LDPSC, she began experiencing a number of serious medical problems, which required her to take multiple pre-approved leaves of absence.[4] Plaintiff also alleges that, during the periods of time when she could work and was not on medical leave, she experienced discrimination and harassment at the hands of her state-employed supervisors.[5] As part and parcel of the alleged harassment, Plaintiff contends her supervisors began filing violation reports, known as VR-1s, outlining purported violations

---

[1] R. Doc. 10.
[2] R. Doc. 11.
[3] R. Doc. 1 at 2.
[4] R. Doc. 1 at 3–5.
[5] R. Doc. 1 at 2–6.

of work-place policy committed by the Plaintiff.[6] According to Plaintiff, it was a "barrage" of VR-1s submitted by her supervisors that resulted in her being terminated from the LDPSC on June 13, 2013.

On December 22, 2015, Plaintiff filed suit against her former employer, the Louisiana Department of Public Safety and Corrections ("LDPSC"), alleging violations of (1) the Americans with Disabilities Act ("ADA"), (2) state employment discrimination law, and (3) Louisiana Civil Code articles 2315, 2316, and 2320. On May 5, 2016, LDPSC filed a Rule 12(b)(6) motion to dismiss, arguing that Plaintiff's state-law claims have prescribed and, with respect to Plaintiff's federal claim under the ADA, the LDPSC is an arm of the State of Louisiana and, thus, benefits from sovereign immunity. It is this motion which is before the Court for decision.

## LAW AND ANALYSIS

Plaintiff's sole federal claim is for a violation of Title I of the ADA.[7] This claim, a federal question, serves as the basis of the Court's jurisdiction over this action. With respect to Plaintiff's ADA claim, the LDPSC contends it is immune from suit because, as an arm of the State of Louisiana, the LDPSC benefits from sovereign immunity under the Eleventh Amendment to the United States Constitution.[8]

"The Eleventh Amendment to the United States Constitution bars an action for monetary damages by a private individual in federal court against a sovereign state and its agencies and officials unless specifically abrogated by Congress pursuant to its legal authority under Section V of the Fourteenth Amendment or by consent of the State."[9]

---

[6] R. Doc. 1 at 2–7.
[7] *See* R. Doc. 1.
[8] R. Doc. 10-2 at 4.
[9] *Johnson-Blount v. Bd. of Sup'rs for S. Univ.*, 994 F. Supp. 2d 780, 783 (M.D. La. 2014) (citing *Seminole Tribe of Fl. v. Florida*, 517 U.S. 44 (1996); *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000)).

"Though the language of the Eleventh Amendment does not specifically address suits against the State by its own citizens, the Supreme Court has consistently held that an unconsenting State is immune from suits brought in federal court by her own citizens as well as citizens of other states."[10] Furthermore, the Eleventh Amendment "extends to actions against state agencies or entities that are classified as 'arms of the state.'"[11]

The State of Louisiana has not waived its sovereign immunity under the Eleventh Amendment such that it has consented to be sued in federal court. In fact, Louisiana explicitly maintains its sovereign immunity by statute.[12] Furthermore, "Congress has not validly abrogated states' Eleventh Amendment immunity under Title I of the ADA."[13] The Supreme Court in *Board of Trustees of the University of Alabama v. Garrett* specifically held that the Eleventh Amendment bars ADA Title I claims against the states in federal court.[14] Because the State of Louisiana has not consented to suit in federal court, and because Congress has not abrogated the sovereign immunity of the states with respect to Title I of the ADA, the LDPSC, an arm of the State of Louisiana,[15] is immune from Plaintiff's claim under the ADA. As a result, the Court must dismiss Plaintiff's Title I ADA claim for lack of subject-matter jurisdiction.

---

[10] *Id.* (internal quotation marks omitted) (citing *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974)).

[11] *Id.* (citing *Regents of the Univ. of Ca. v. John Doe*, 519 U.S. 425, 429 (1997); *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002)).

[12] LA. REV. STAT. § 13:5106 ("No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court."). *See also Citrano v. Allen Correctional Ctr.*, 891 F. Supp. 312, 320 (W.D. La. 1995) ("The State of Louisiana has waived sovereign immunity in tort contract suits but it has not waived its immunity under the Eleventh Amendment from suit in federal court.").

[13] *Fields v. Dep't of Public Safety*, 911 F. Supp. 2d 373, 381 (M.D. La. 2012) (citing *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 364 (2001); *Douglas v. California Dep't of Youth Auth.*, 271 F.3d 812, 821, *as amended by* 271 F.3d 910 (9th Cir. 2001); *Clark v. State of California*, 123 F.3d 1267 (9th Cir. 1997)).

[14] *Garrett*, 531 U.S. at 364.

[15] *See, e.g., Fields*, 911 F. Supp. 2d at 377–78 (citations omitted) ("Defendant is a state agency created by the State of Louisiana under La.Rev.Stat. § 40:1301. Likewise, if any monetary judgment is obtained against the Defendant, LDPSC, it will be paid from the State treasury. . . . [T]he Fifth Circuit has found the LDPSC to be an 'arm of the state.' Based upon the Fifth Circuit's finding, this Court finds that Defendant is an 'arm of the state' and may assert sovereign immunity against suit in federal court."); *see also Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313 (5th Cir. 1999).

Plaintiff's remaining claims are state-law claims over which the Court possesses only supplemental jurisdiction. Title 28, United States Code, Section 1367(c), provides that district courts may decline to exercise supplemental jurisdiction over state law claims if, *inter alia*, "the district court has dismissed all claims over which it has original jurisdiction." Such is the case here, as the Court has dismissed Plaintiff's sole federal claim for a violation of Title I of the ADA. As a result, the Court will exercise its discretion pursuant to Title 28, United States Code, Section 1367(c), and decline to exercise jurisdiction over Plaintiff's remaining claims.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the motion to dismiss filed by the Louisiana Department of Public Safety and Corrections is **GRANTED**. Because the Court lacks subject-matter jurisdiction over the Plaintiff's claims, they are hereby **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this 25th day of June, 2016.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

4